DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) Case No. 3:05-cr-00120-RRB-JDR |
|---|---|
| Plaintiff, | ) |
| vs. | ) **GOVERNMENT'S OPPOSITION TO DEFENSE MOTION TO SUPPRESS** |
| DIANE MICHELLE TIMBERLAKE, | ) |
| Defendant. | ) |

COMES NOW the United States Attorney's Office, by and through Lwrence D. Card, Assistant U.S. Attorney, and hereby files its opposition to defendant Diane Michelle Timberlake's Motion to Suppress Evidence based on what appears to be defendant's challenge to the warrant issued by the State of

Alaska magistrate upon the submission of an affidavit. It appears from the records submitted, that after the state magistrate issued the warrant, Officer Eric Smith went back before the same magistrate, and requested an amendment to the warrant to include a handgun that was seen by the officers searching the defendant's impounded vehicle.

Defendant does not allege any fraudulent information provided to the issuing magistrate, nor any lies or deception by the police in order to obtain the warrant. Furthermore, there is no allegation that any false statements were knowingly and intentionally made by the officers in support of the warrant, or done with reckless regard of the truth. Since the initial warrant in the instant case was issued on the basis of the affidavit filed in its support, there are no disputed facts which will require a hearing.

All of the facts considered in support of the warrant are present in the affidavit signed under oath by Officer Eric Smith [Defendant's Exhibit E-1 to her Motion] which in turn, was filed in order to inform State of Alaska Magistrate Suzanne Cole of the circumstances in order to show probable cause for the issuance of the warrant. The defendant now argues the very same facts do not constitute probable cause for the issuance of the search warrant, and that this court should second guess the magistrate's determination, have a hearing so that the

U.S. v. TIMBERLAKE
3:05-00120-RRB-JDR                                2

defendant can put on all of the facts that were not considered within the four corners of the affidavit, and find as a matter of law that the information regarding the impounded vehicle was stale, even though it had been in a secured impound lot for almost 30 days [28 days] on an unrelated charge.  For the reasons stated below, and since there are no factual issues in dispute, the defendant's Motion to Suppress should be denied, and the previously scheduled evidentiary hearing should be vacated on the court's calendar.  There are simply no facts in dispute which require an evidentiary hearing.  All of the facts considered by Magistrate Cole are in Exhibit E-1 as an attachment to the defendant's motion.   If the court wishes to consider the short oral statement under oath given by Officer Smith to the magistrate when he went back to amend the warrant previously issued,  to include the gun seen by the officers as they were searching the defendant's vehicle pursuant to the original warrant, counsel for the defendant has agreed to file a true copy for the court's consideration.

## FACTUAL AND PROCEDURAL HISTORY

On December 14, 2005, the defendant was indicted by the federal grand jury, and subsequently arraigned on a charge of  Possession with Intent to Distribute Cocaine, in violation of  U.S.C. §§ 841(a)(1) & (b)(1)(B) and a count of Carrying and Possessing a Firearm During and in Relation to a Drug Trafficking

Crime in violation of 18 U.S.C. § 924(c)(1). The defendant's vehicle, a 1995 Chevrolet Blazer had been seized by the police on an unrelated felony eluding case on August 12, 2005, and was in the Anchorage Police secure impound lot for processing when Officer Smith applied for a search warrant before State of Alaska Magistrate Suzanne Cole. On the basis of the affidavit submitted alone, the magistrate found probable cause, and issued the now challenged search warrant to the police on September 8, 2005, at approximately five minutes to midnight. The warrant was executed shortly thereafter on September 9, 2005 at approximately 12:40 a.m. on September 9, 2005.

While the police were conducting the search authorized by the warrant, the officers processing the Blazer came across a handgun, which has become the basis for the gun charge in this case. See Exhibit F-1 to Defendant's Motion to Suppress. Defendant has not alleged any false, misleading or otherwise intentional or reckless statements made to the magistrate in order to obtain an amendment to the warrant, so once again, the warrant as issued should stand without the need for any further evidence to be heard in open court.

In summary, the defendant is challenging the search warrant issued in her case on the basis that it took the police officers 28 days to request the warrant, even though the vehicle was in the secured storage maintained by the police on an

unrelated case for the entire time. The defendant has not cited any cases holding that she is entitled for the reviewing judge, in this instance the United States District Court to re-consider the basis for the warrant issued by having an evidentiary hearing, and actually hearing the testimony of the officer who submitted the affidavit in support of the warrant in the absence of any allegation of fraud, reckless misrepresentations, or outright lies in support of the warrant.

## DISCUSSION

### THE WARRANT WAS PROPERLY ISSUED BY THE STATE OF ALASKA MAGISTRATE ON SEPTEMBER 8, 2005 EVEN THOUGH THE VEHICLE WAS IN SECURED STORAGE ON AN UNRELATED CASE FOR 28 DAYS PRIOR TO ITS ISSUANCE

The defendant argues that the officers violated her constitutional rights under the Fourth Amendment to the United States Constitution when her vehicle was seized based on an eluding case on August 12, 2005, and subsequently searched pursuant to a search warrant 28 days later on September 8, 2005, which provided the evidence in this case now in federal court. Defendant further contends that since she was not allowed to take her purse with her when her vehicle was seized on August 12, 2005, her constitutional rights were further violated, and therefore all of the evidence seized pursuant to the warrant should be suppressed.

The defendant first argues on page 4 of her memorandum in support of her motion to suppress, that the initial seizure of her vehicle for the eluding case was unconstitutional, and in effect the U.S. District court should examine that seizure, even though there is no state eluding case before this court, and the defendant has not been charged with eluding in federal court. The arguments submitted in the defendant's memorandum do not address the federal court jurisdiction to decide if there is a valid state case pending against anyone, or state a basis to begin an inquiry into a legal matter most likely to be resolved in state rather than federal court.

The affidavit submitted by Officer Eric Smith of the Anchorage Police Department addressed the circumstances of having the Blazer registered to the defendant in its secured lot for the benefit of the state magistrate, and no fraud, reckless misstatements, or lies are alleged to have been made to the magistrate in obtaining the warrant. Officer Smith also stated in his affidavit that he could see into the Blazer without entering, a marijuana pipe, and several clear plastic baggies, which in his training and experience would package illegal drugs. See Defendant's Exhibit E-2, Affidavit of Officer Eric Smith, page 2, paragraph 8.

In summary, there is no issue of the initial seizure of the defendant's vehicle before this court. The defendant cites an Oregon case, *State v. Snow, 39 P.3rd 909*

*(Or. 2002)* for this court to utilize in determining whether the initial seizure of the defendant's vehicle was in violation of her constitutional rights when she was not charged nor is she charged in federal court with any offense involving her vehicle. *Snow* was a case involving a *warrantless* search of the defendant's vehicle, clearly inapposite to the issue before this court in which a warrant was obtained prior to entering the defendant's vehicle.  The Oregon Supreme Court discusses the "automobile exception" to the warrant requirement, which is also not in issue in this case.  For the federal court to investigate the state eluding case in the context of this federal drug case would represent an expansion of federal jurisdiction totally unnecessary for the resolution of the questions raised by the defendant.

Defendant has cited no cases in support of such a proposition, and such a procedure is illogical since the defendant's vehicle was not seized solely on the basis of the case before this court, but on the basis of a prior unrelated case in which not even the defendant is alleged to be charged or involved in any way except as the registered owner of the seized vehicle.   The only real question before this court is whether the warrant issued by the state magistrate was supported by probable cause as determined by a reading of the affidavit that was attached to the application from Officer Smith.  See *United States v. Gourde, 382 F. 3d 1003, 1008*  "... We review for clear error, however, whether the magistrate

had a substantial basis for concluding probable cause existed and accord 'great deference'" to the magistrate's determination 0of probable cause." Citing, *United States v. Hay,* 231 F.3rd 630, 634 n. 4 (9th Cir. 2000). The magistrates's determination is simply to make a decision whether, "given all the circumstances set forth in the affidavit before him [her]...there is a fair probability that contraband or evidence of a crime will be found in a particular place." Citing *Hay,* (quoting *Illinois v. Gates,* 462 U.S. 213,238 (1983).

The defendant has not requested a *Franks* hearing and has not alleged any basis to have an evidentiary hearing to challenge the warrant issued in her case. See *Franks v. Delaware,* 438 U.S. 154, 155-56 (1978) in which the Supreme Court discussed the requirements to have an evidentiary hearing to test the validity of a warrant. To mandate an evidentiary hearing on the defendant's assertion that a false statement was knowingly and intentionally, or with reckless regard for the truth, was included by the affiant in the search warrant application, the defendant would have to make more than a conclusory statement, and her statement would have to be supported by more than a desire to cross-examine the affiant police officer. See *Franks,* at 170. No hearing on the basis for the initial seizing of the Blazer is warranted nor necessary for the court's determination of the only question, which whether there was probable cause for the issuance of the warrant

on September 9, 2005.

Defendant has argued that the seizure of the defendant's purse was unwarranted, but she fails to remind the court that on the date of the seizure of her vehicle, the officers could see, not only a marijuana pipe, but also several clear plastic baggies, which the officer described as how illegal drugs are packaged.  The defendant also fails to advise the court that the purse was in the vehicle, which was seized as a total package.  Drug paraphernalia is often secreted in purses.  The officer also knew that Ms. Timberlake had two prior felony convictions for dangerous drugs in 1998 and 1986.  That information is in paragraph 10 of Officer Smith's affidavit, Exhibit E-2 of the defendant's memorandum.

The defendant finally argues that the 28 day delay in searching her vehicle was unreasonable, and therefore the warrant information was stale, and the evidence seized from her vehicle should be suppressed.  The cases cited by the defendant all discuss warrantless searches of property.  There are no cases cited by the defendant in which property seized on one case, and searched pursuant to a warrant in another case required suppression of the evidence seized.  Once again, this case does not involve the warrantless search of any property.  There are no cases cited by the defendant, nor does the government's research reveal any cases in which personal property held on a case for 28 days, is per se unreasonable.

## CONCLUSION

The property searched in this case pursuant to a warrant was factually in the secured storage area for an eluding case, not an issue here, and while in the secured storage, a warrant was applied for and received in state court to search the vehicle. There are no allegations of "deliberate falsehood[s] or of reckless disregard for the truth." Even if such allegations were made, and supported by sufficient admissible evidence, a court reviewing the warrant would be required to delete the false information, and then determine on the basis of the warrant if sufficient information remained to support probable cause. See *Franks,* at 170.

//


//

In summary, no such allegation has been made by the defendant, and as such the court should simply review the affidavit submitted in support of the warrant, and deny any request for a hearing. At the conclusion of the review of the affidavit submitted by Officer Smith, the court should deny the defendant's Motion to Suppress.

RESPECTFULLY SUBMITTED on this 31st day of March, 2006, in Anchorage, Alaska.

          DEBORAH M. SMITH
          Acting United States Attorney

          s/ Lawrence D. Card
          Assistant U.S. Attorney
          222 West 7th Ave., #9, Rm. 253
          Anchorage, AK 99513-7567
          Phone: (907) 271-5071
          Fax: (907) 271-1500
          E-mail: larry.card@usdoj.gov
          Alaska Bar No. 8011068

**CERTIFICATE OF SERVICE**
I hereby certify that on March 30, 2006,
a copy of the foregoing was served via electronic service:

Michael Dieni, Asst. Federal Public Defender

s/ Lawrence D. Card