Law Office of Allan Beiswenger
1101 West 7th Avenue
Anchorage, Alaska 99501
Office: (907) 868-1280
Fax: (907) 258-6419
Email: beiswenger@ak.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIANE M. TIMBERLAKE )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:05-cr-0120-RRB |

**DEFENDANT'S REPLY MEMORANDUM**

The United State's Attorney's Office has filed its OPPOSITION (Document 33) to Ms. Timberlake's MOTION TO SUPPRESS EVIDENCE (Document 29) arguing that the hearing scheduled for April 6, 2006, should be vacated as the affidavit submitted by APD Officer Eric Smith was sufficient to establish "probable cause". According to the Government, this Court's review is limited to a determination ". . . whether the warrant issued b y the state magistrate was supported by probable cause as determined by a reading of the affidavit that was attached to the application from Officer Smith."[1]

But Ms. Timberlake's position is that since many of the facts contained in the officer's affidavit were the result of an illegal search and seizure, this Court must hold

---
[1] **OPPOSITION,** at p. 7.

the evidentiary hearing to determine whether the evidence in the affidavit was unlawfully obtained. In *United States v. Vasey,* 834 F.2d 782, 789 (9th Cir. 1987), the Court held that the "good faith" exception to the exclusionary rule as set forth in *United States v. Leon*[2] did not prevent a reviewing Court from considering whether or not the evidence used in support of the warrant was unconstitutionally obtained. "We therefore conclude that a magistrate's consideration does not protect from exclusion evidence seized during a search under a warrant if that warrant was based upon evidence seized in an unconstitutional search. Accordingly, the good faith exception should not and will not be applied to the facts of this case."

The *Leon* exception is based upon a belief that applying the exclusionary rule to an officer's reliance on the validity of a warrant would have no "deterrent" effect on the police, since any "error" (whether or not probable cause existed for the warrant) was the fault of the issuing Court. But where police conduct illegal searches or seizures, and then use that illegal evidence to establish probable cause for a warrant, the exclusionary rule would serve a deterrent purpose. "[T]he magistrate's consideration of the evidence does not sanitize the taint of the illegal warrantless search."[3] To hold otherwise would essentially do away with the exclusionary rule. Police could conduct a number of illegal searches or seizures to obtain evidence, and then shield their illegal conduct by using the "fruits" in a supporting affidavit for a warrant. See also *United States v. Wanless,* 882 F.2d 1459, 1466 (9th Cir. 1989).

---

[2] 468 U.S. 897, 104 S.Ct.3405, 82 L.Ed.2d 677 (1984).
[3] *Id.*

The police illegally seized Ms. Timberlake's vehicle on August 12, 2005. As the Government acknowledges, the seizure was for an eluding case[4] that occurred six weeks prior to the seizure, and was done without a warrant. *Opposition,* at p. 4. Following the seizure of the vehicle, Officer Smith saw a marijuana pipe on the floor of the vehicle on the passenger side. While this may have given him some "suspicion" that there may have been drugs in the car, "[m]ere suspicion does not rise to the level of probable cause."[5] It was only after the decision was made to seize the vehicle that Officer Smith did an inventory search which revealed the "clear plastic baggies" and a prescription pill bottle. See Attachment C to Defendant's *Motion.*

In *Wanless,* a defendant that had been a passenger in a vehicle that was stopped by police was found to have "track marks" on his arm, and had admitted "shooting up" two days prior. Police also found a syringe cap and an empty bindle on his person. This evidence was deemed to have ". . . justified the troopers' suspicion that Wanless used drugs", but according to the Court, "did not rise to the level necessary to establish probable cause to believe that the vehicles (in one of which Wanless was a passenger) contained contraband."[6]

Under both *Vasey* and *Wanless*, Ms. Timberlake is able to challenge the illegal seizure of her vehicle and purse by the police, and the unlawful "inventory" search of her vehicle following its seizure. This Court then must exclude the illegally obtained

---

[4] The Government claims that the seizure was for a "felony" eluding charge. It is disputed that any crime of "eluding" that may have occurred on July 1, 2005, would constitute a felony offense within the definition of A.S.28.35.182(a). But regardless, whether or not the offense was a misdemeanor or a felony, it did not give the officers a basis to seize the vehicle six weeks later.
[5] *Vasey, supra,* 834 F.2d at 788.
[6] *Wanless, supra,* 882 F.2d at 1466.

evidence from the Officer's affidavit, and then determine whether any lawfully obtained evidence established probable cause for the warrant. *Wanless,* 882 F.2d at 1467.

Finally, even if any seizure was lawful, and even if there existed "probable cause" for the warrant[7], holding Ms. Timberlake's vehicle and purse for four weeks before applying for the warrant and searching the vehicle and purse rendered the seizure unreasonable. Since the delay was again the fault of the police, the "good faith" exception would not apply.

For these reasons, the Court should not vacate the scheduled evidentiary hearing, and following the hearing, should suppress as evidence at Ms. Timberlake's trial all evidence found in her vehicle and purse.

Dated at Anchorage, Alaska this 3rd day of April, 2006.

/s/Allan Beiswenger
Law Office of Allan Beiswenger
1101 West 7th Avenue
Anchorage, Alaska 99501
Office: (907) 868-1280
Fax: (907) 258-6419
Email: beiswenger@ak.net
Attorney for Defendant

CERTIFICATE OF SERVICE
This is to certify that a correct copy of this Entry
Of Appearance was served by electronic mail upon
The Office of the United States Attorney, on April
3, 2006.
/s/Allan Beiswenger

---

[7] As was argued by Ms. Timberlake in her Motion, at p. 4, if probable cause did exist, the officers did not need a warrant under the "automobile exception".

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419