**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>vs.<br><br>DIANE MICHELLE TIMBERLAKE,<br><br>    Defendants. | 3:05-cr-00120-RRB-JDR<br><br>**RECOMMENDATION ON**<br>**MOTION TO SUPPRESS**<br><br>(Docket Entry 29) |

    Defendant Diane Timberlake moves to suppress all items seized from her vehicle, including her purse, following the impoundment of her vehicle by Anchorage police officers on August 12, 2005. Docket entry 29. The motion is opposed by the government. Docket entry 33. An evidentiary hearing was conducted on April 6, 2006. Upon due consideration of the evidence adduced and

arguments of counsel, the magistrate judge recommends that the court enter findings of fact and conclusions of law as set forth below, and that the motion to suppress be denied.

## Background of Uncontested Facts

Diane Timberlake has been charged with possession with intent to distribute cocaine in violation of 21 U.S.C. §841(a)(1) & (b)(1)(B) and a separate charge of carrying and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1).  The government intends to offer as evidence in its case-in-chief items found inside her purse in her vehicle that were seized pursuant to a search warrant issued by the District Court for the State of Alaska, search warrant no. 05-922SW.  The search warrant authorized a search of Timberlake's 1995 Chevrolet Blazer for controlled substances and drug paraphernalia.  *See*, copy of search warrant, exh. E-4 to evidentiary hearing. While the police were conducting a search pursuant to the search warrant, they came across a handgun which forms the basis for the gun charge in the instant case.

At the time the search warrant was sought and issued, the Blazer had been seized by police for an unrelated felony eluding case on August 12, 2005, and was in the Anchorage police secure impound lot when officer Eric Smith, APD, applied for a search warrant before State of Alaska Magistrate Suzanne Cole.  On

the basis of the affidavit in support of the search warrant, the magistrate found probable cause and issued the warrant on September 8, 2005.

Timberlake does not challenge the finding of probable cause by the State magistrate. Rather, she argues that her vehicle was illegally seized, inventoried and held by the police, and that this court should review the sufficiency of the State application for the search warrant without evidence derived from the "illegal seizure" of her vehicle.

The government argues that the court should not reach the defendant's argument of illegally obtained evidence used in the search warrant because she has failed to allege any false, misleading or otherwise intentional or reckless statements made to the State magistrate in order to obtain the search warrant, as amended. The defense responds that the government should not be allowed to use illegally obtained evidence to establish probable cause for a warrant. *See*, defendant's reply memorandum, docket entry 34, p. 2. In United States v. Vasey, 834 F.2d 782, 789 (9th Cir. 1987) the court held that the "good faith" exception to the exclusionary rule as set forth in United States v. Leon, 468 U.S. 897 (1984), did not prevent the reviewing court from considering whether the evidence used in support of the warrant was unconstitutionally obtained.[1] Evidence which is obtained as a direct

---

[1] Under the good-faith exception, evidence seized by an officer who reasonably relied on a search warrant that is later deemed to be invalid is admissible if the officer acted in "good faith." 468 U.S. at 919-21.

result of an illegal search and seizure may not be used to establish probable cause for a subsequent search.  United States v. Wanless, 882 F.2d 1459, 1465 (9th Cir. 1989).

The magistrate judge concludes that the defendant has not met the criteria for a Franks hearing, but the defendant's challenge to the search warrant is not based upon alleged false, misleading or reckless statements by the affiant.[2]  An evidentiary hearing was conducted on the issue of whether facts contained in Officer Smith's affidavit were obtained as a result of an illegal search and seizure.

**Findings of Fact from Evidentiary Hearing**

About 3:47 p.m. on August 12, 2005, at the 8000 block of East Tenth Avenue, Anchorage police officers Carson and Voss were investigating a stolen green Dodge pickup.  When the officers arrived at the scene, they observed Timberlake in the driver's seat of her Blazer parked next to the stolen pickup.  APD officer Carson observed a person later identified as "Ledbetter" leave the door of the stolen vehicle and return to the Blazer.

APD Officer Eric Smith arrived at the scene to assist in the felony stop.  At the time of his arrival, the other officers had detained four people from the two vehicles.  The occupants of the Blazer were told to exit the vehicle whereupon they were detained and searched.  After Timberlake and Ledbetter were placed in a

---

[2] Franks v. Delaware, 438 U.S. 152 (1978).

police vehicle, Officer Smith approached the Blazer to see if there were any other suspects inside. The Blazer had tinted windows. Officer Carson advised Officer Smith that the Blazer had a "locate" on it for eluding an officer. The door of the Blazer had been left open by Ledbetter when he got out. After approaching the Blazer, Officer Smith observed a marijuana pipe on the floorboard where Ledbetter had been sitting. There were no other individuals in the vehicle.

Officer Smith ran the license plate of the Blazer confirming that it had been reported as eluding police on July 1, 2005, by a driver other than Timberlake, who Officer Smith had determined was the registered owner of the vehicle. Dispatch advised Officer Smith that the Blazer was an eluding suspect vehicle and needed to be impounded for evidence. The Blazer was impounded because of the eluding hold and so that Officer Smith could seek a warrant to search the vehicle based on drugs. Timberlake was released that evening and would have been free to drive her vehicle away but for the impoundment. Because of the press of other business, Officer Smith did not seek a search warrant until September 8, 2005. I accept his testimony that the delay in seeking the warrant produced no additional evidence that the officer used in his search warrant affidavit. There is no standard police policy as to when an eluding vehicle might lose some evidentiary value. Tr., evidentiary hearing, p. 32.

When a vehicle is being impounded for evidence, the police conduct a cursory inspection for items of value which might easily be stolen and for dangerous

instruments that should be removed before the vehicle is towed.  Tr., p. 39.  During this search, Officer Smith observed several clear plastic baggies in the vehicle.  He observed lots of clothing and at least two purses.  *See*, Anchorage police report, exh. C to the evidentiary hearing.

According to Officer Smith's police report, the officers had obtained consent to search the stolen Dodge Ram from the registered owner.  Inside that vehicle, the officers observed behind the center cup holder a clear plastic baggy which had a white powder in it and which appeared to be cocaine.  Exh. C.

In her motion to suppress, Timberlake challenges the government's reliance upon Officer Smith's statements in paragraph 8 of his affidavit wherein he stated: "I saw in plain view on the passenger side floorboard of the Blazer, ELP 216 was a marijuana pipe.  I also saw several clear plastic baggies, which I know from my training and experience is how illegal drugs are packaged for sale."

Ms. Timberlake testified at the evidentiary hearing that on August 1, 2005, she was stopped by an Alaska State Trooper while driving through Houston, Alaska, en route to Fairbanks.  She believes the stop was initiated because of her speeding.  According to Timberlake, the State trooper informed her that there was a hold on the vehicle, and after he called dispatch, the trooper told her that dispatch said the vehicle could leave.

### Discussion

Timberlake does not challenge the officer's right to stop the Blazer at the scene of the stolen vehicle on August 12, 2005. The "suspicious activity" associating the Blazer with the stolen vehicle on August 12, 2005, and the detention of Timberlake and Ledbetter at the scene allowed the officers to look inside the Blazer for other persons whereupon the marijuana pipe was observed. Although the Blazer was seized because of the eluding incident, the officers at the scene had probable cause to seize the vehicle as evidence associated with the stolen vehicle based upon the suspects' activities pending application for a search warrant. The evidence does not support Timberlake's argument that her vehicle was illegally impounded.

Timberlake argues that the interval from the time the vehicle was impounded until the search warrant was sought was significant to "obviate any sort of 'probable cause' or even 'reasonable suspicion.'" Memorandum in support of motion to suppress, p. 5. The instant case is not about the eluding charge or evidence relating to it. Timberlake has offered no persuasive authority to support her position that probable cause would disappear because the officer waited 28 days to apply for a search warrant for the impounded vehicle. Because the vehicle was in a secure impound lot, the evidence contained therein would not have become stale in that period of time. There is no evidence that Timberlake or anyone else

sought the return of the vehicle or any of its contents during that interval.  That interval, in the absence of a showing of prejudice, does not invalidate the otherwise lawfully issued search warrant.

With respect to the return of her purse, Ms. Timberlake claims that she asked for her purse on August 12, 2005, and the officers would not let her retrieve it.  Under the circumstances of this case, the officers had a right to retain physical custody of the purse while they applied for a search warrant because the purse is an item that is often used to conceal drugs when illegal drugs are present in a vehicle.  Even if the officers had allowed her to obtain the purse on August 12, the officers would have had a right to make a cursory inspection of the contents before handing it over to her.  Thus, they likely would have discovered the drugs at that time.  Timberlake argues that she was not even present at the time of the eluding incident, and her purse could not have contained any sort of evidence relating to that charge.  That may be true, but the officers' observations at the scene on August 12 gave rise to a legitimate concerns about the defendant's association with an alleged stolen vehicle and with the apparent drugs observed in plain view in the Blazer.

I conclude that the officers did not violate any of the defendant's constitutional rights as claimed by looking inside the Blazer on August 12, 2005.  I conclude that the State search warrant was supported by probable cause, not based

upon any illegally seized evidence. The motion to suppress should be denied. IT IS SO RECOMMENDED.

DATED this 19th day of April, 2006, at Anchorage, Alaska.

  /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, April 26, 2006**, to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **NOON, May 2, 2006**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).