Law Office of Allan Beiswenger
1101 West 7th Avenue
Anchorage, Alaska 99501
Office: (907) 868-1280
Fax: (907) 258-6419
Email: beiswenger@ak.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIANE M. TIMBERLAKE ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3:05-cr-0120-RRB |

**DEFENDANT'S OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO SUPPRESS**

Comes now Defendant, Diane Timberlake, through counsel, and pursuant to D.AK.L.M.R.6(a), hereby objects to the Magistrate Judge's Recommendation that the Court deny Defendant's Motion to Suppress certain items of evidence following the seizure of her vehicle and purse by law enforcement personnel. The Recommendation incorrectly stated certain facts, and was based on unwarranted legal assumptions.

Defendant agrees with the Magistrate Judge's finding that Ms. Timberlake is allowed to challenge the search warrant by arguing that certain evidence presented in support of the warrant was illegally obtained following the

1

seizure of her vehicle and purse by law enforcement personnel.  Recommendation, at p. 4.  But the Magistrate Judge's finding that the evidence provided in support of the warrant was not "illegally obtained"[1] was erroneous.

When Anchorage Police Officers responded to the location of the stolen vehicle, Ms. Timberlake's vehicle was parked next a the stolen vehicle and Ms. Timberlake's passenger was standing next to the passenger side window of the stolen vehicle talking to the two occupants.[2]  There is no evidence that the police officers observed any behavior related to any transfer of drugs, or other suspicious activity other than being near the stolen vehicle.  Ms. Timberlake's passenger returned to Ms. Timberlake's vehicle when the police officer approached, and Ms. Timberlake attempted to leave, but was stopped by the police.[3]

The Magistrate Judge is incorrect when he states, "The Blazer was impounded because of the eluding hold and so that Officer Smith could seek a warrant to search the vehicle based on drugs."[4]  It was impounded solely because of the "eluding" hold.  See Transcript of Evidentiary Haring, at pp. 30 and 34.  It was only after that decision was made, and the vehicle was seized, that Officer Smith entered the vehicle for purposes of an inventory search and observed the clear plastic baggies which led to the issuance of the search warrant.  At the time of the seizure of the vehicle for the eluding, the only observation by the police officer used in seeking the

---

[1] Recommendation, at p. 8-9.
[2] The Magistrate Judge's Recommendation, at p. 4, does not make it clear that Ms. Timberlake's passenger, identified as a Mr. Ledbetter, was not in the stolen vehicle, but was outside talking with the occupants.
[3] Ms. Timberlake is not challenging the legality of the stop, under *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct.1868, 20 L.Ed.2d 889 (1968).
[4] Recommendation, at p. 5.

warrant was his observation of a marijuana pipe on the passenger floorboard. Without any indication of recent use (the police officer noticed no odor or other behavior indicative of drug use. Transcript at p. 29 and 30), this would provide a reasonable suspicion that Ms. Timberlake's passenger was a marijuana user, but would not provide probable cause to believe that there were drugs in the vehicle.[5] Thus the only basis for the seizure of Ms. Timberlake's vehicle was in connection with an "eluding" incident that had occurred six weeks prior, and in which Ms. Timberlake was not involved as the occupants were a black male driver and a Native female passenger.

The Magistrate Judge fails to indicate any authority that would authorize the warrantless seizure of a vehicle for a "stale" eluding charge involving a different driver. Indeed, if there existed any sort of "probable cause" at the time of the eluding on July 1, 2005, it does not follow that it continued to exist six weeks later, with a different driver[6]. It is not even clear what evidence the police were seeking by impounding the vehicle for the prior eluding charge.

The Magistrate Judge incorrectly states in his Recommendation that it is Ms. Timberlake's position that the 28 day delay in seeking the search warrant after the vehicle was seized "obviated" any sort of probable cause or reasonable suspicion.[7] What Ms. Timberlake argued in her Memorandum in Support of Motion to Suppress

---

[5] See *United States v. Wanless*, 882 F.2d 14, 882 F.2d 1459, 1466 (9th Cir. 1989).
[6] The issue of "staleness" for purposes of establishing probable cause depends upon whether there is any evidence establishing an on-going operation. Otherwise, any observations must not be too remote in time. "The most convincing proof that the property was in the possession of the person or upon the premises at some remote time in the past will not justify a present invasion of privacy." *Durham v. United States,* 403 F.2d 190, 193 (9th Cir. 1968). See also *United States v. Alvarez,* 358 F.3d 1194, 1203 (9th Cir. 2004).
[7] Recommendation, at p. 7.

3

(at p. 5) was that the delay from the date of the eluding (July 1st) until the vehicle's seizure (August 12th) rendered "stale" any sort of probable cause, or reasonable suspicion, that there was evidence of any illegal activity remaining in the vehicle.

The 28 day delay (from the time of the vehicle's seizure until the warrant was applied for) represents a separate violation of Ms. Timberlake's rights. The Magistrate Judge incorrectly characterizes Ms. Timberlake's argument regarding the delay. She is not claiming that the 28 day delay caused probable cause to disappear (that is Ms. Timberlake's argument for the time lapse from the time of the eluding behavior until it was seized). Rather, she is claiming that the delay in applying for the warrant rendered the seizure "unreasonable". The police officer that seized the vehicle was not continuing with his investigation for purposes of obtaining additional evidence. Transcript, at p. 37 and 38. The "press of other business"[8] is not an adequate basis to retain custody of a person's vehicle and personal items, including Ms. Timberlake's purse, for an extended period of time.[9] The argument is not that any probable cause that may have existed had somehow dissipated, but rather that an extended warrant less seizure of a person's automobile, and purse, increased the level of intrusion and rendered it "unreasonable.".[10]

---

[8] Recommendation, at p. 5; Transcript, at p. 38.
[9] See *Coolidge v. New Hampshire,* 403 U.S. 443, 523 (White, dissenting) (1971), and *United States v. John,* 469 U.S. 478, 487 (1984).
[10] See *United States v. Place,* 462 U.S. 696, 705 (1983).

4

Finally, the Magistrate Judge was incorrect when he indicated that the police officers had the right to seize the purse as it may have contained drugs[11], or alternatively, that regardless the police officers could have performed a "cursory inspection of the contents before handing it over to [Ms. Timberlake]" and that ". . . they likely would have discovered the drugs at that time".[12] No authority is given as far as why the police officers would have been allowed to perform a "cursory inspection". Ms. Timberlake had been released from any sort of custody, and was free to go. She asked for her purse back when she was no longer "seized" and there was no longer any need to search for any weapons.[13]. There was no longer any basis to do a "cursory" inspection for the police officers' safety. And it is pure speculation to suggest that any such "cursory" inspection would have turned up the drugs located in Ms. Timberlake's purse.

In order to understand the illegality of the searches in this case, it is important to keep in mind the timeline of the various observations. The Magistrate Judge failed to do that, and uses observations that followed an illegal search/seizure to justify that very seizure. When the police seized Ms. Timberlake's vehicle, the only item observed in the vehicle indicative of possible illegal activity was the marijuana pipe on the passenger floor. After the vehicle was "seized" and an inventory search

---

[11] As argued previously, Ms. Timberlake does not believe that there existed any sort of probable cause to seize the vehicle in order to obtain a warrant to search for drugs. But for the "eluding" incident that occurred six weeks prior, Ms. Timberlake would have been free to have driven away in her vehicle following her release from her temporary detention. Transcript at p. 44.
[12] Recommendation, at p. 8.
[13] See *United States v. Vaughan,* 718 F.2d 332 (9th Cir. 1983), holding that officers did not have the right to search a briefcase for "safety reasons" after its owner was detained. Also, since the purse was still in the Blazer when Ms. Timberlake was detained, she could not access it.

5

was conducted for purposes of the impound, the additional evidence was observed, consisting of the plastic baggies. Also, it was only after Ms. Timberlake's vehicle was seized for the eluding that police officers observed the drugs in the stolen vehicle.[14]

Given the above, this Court should reject the Magistrate Judge's recommendations, and order suppressed the evidence obtained following the impound of Ms. Timberlake's vehicle.

Dated at Anchorage, Alaska this 25th day of April 2006.

/s/Allan Beiswenger
Law Office of Allan Beiswenger
Attorney for Defendant

---

[14] As stated previously, there were no observations by any of the officers that would indicate drugs were being transferred from one vehicle to the other, or that any sort of drug "exchange" was taking place.

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DIANE M. TIMBERLAKE )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:05-cr-0120-RRB |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of April 2006 a correct copy of the **DEFENDANT'S OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS REGARDING MOTION TO SUPPRESS** was served by electronic mail upon The Office of the United States Attorney.

/s/Allan Beiswenger