DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99507
(907) 271-5071
 e-mail: larry.card@usdoj.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                    Plaintiff,    )<br>                                              )<br>         v.                                    )<br>                                              )<br>DIANNE MICHELLE TIMBERLAKE  )<br>                                              )<br>                    Defendant.    )<br>_____)  | Case No. 3:05-cr-00120 (RRB)<br><br><br><br><br><br>**GOVERNMENT'S PROPOSED<br>JURY INSTRUCTIONS** |

    COMES NOW the United States of America, by and through its counsel

and requests that the Court instruct the jury in accordance with the following list of

jury instructions from the Manual of Model Criminal Jury Instructions for the Ninth

Circuit (2003 Edition), unless otherwise indicated, and from the separate instructions attached hereto, as well as those, if any, to be submitted under separate cover:

| | | |
|---|---|---|
| 1.1 | Duty of Jury |
| 1.2 | The Charge - Presumption of Innocence |
| 1.3 | What is Not Evidence |
| 1.4 | What is Evidence |
| 1.5 | Evidence for Limited Purpose |
| 1.6 | Direct and Circumstantial Evidence |
| 1.7 | Ruling on Objections |
| 1.8 | Credibility of Witnesses |
| 1.9 | Conduct of the Jury |
| 1.10 | No Transcript Available to Jury |
| 1.11 | Taking Notes |
| 1.12 | Outline of Trial |
| 2.1 | Cautionary Instruction - First Recess |
| 2.2 | Bench Conference and Recesses |
| 2.4 | Stipulations of Fact |
| 2.5 | Judicial Notice |
| 2.10 | Other Crimes, Wrongs, or Acts Evidence |

| | |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | Charge(es) Against Defendant Not Evidence-Presumption of Innocence-Burden of Proof |
| 3.3 | Defendant's Decision Not to Testify |
| 3.4 | Defendant's Decision to Testify |
| 3.5 | Reasonable Doubt-Defined |
| 3.6 | What Is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.12 | Separate Consideration of Single Counts-Single Defendants |
| 3.18 | Possession -Defined |
| 11.01 | Beginning Charge - Province of the Court [Devitt and Blackmar] (3rd Ed.) |
| 3.5 | Reasonable Doubt - Defined |
| 3.6 | What is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |

| | |
|---|---|
| 3.10 | Evidence of Other Acts of Defendants or Acts and Statements of Others |
| 3.11 | Activities Not Charged |
| 3.12 | Separate Consideration of Multiple Counts |
| 3.18 | Possession - Defined |
| 4.1 | Statements by Defendant |
| 4.3 | Other Crimes, Wrongs, or Acts of Defendant |
| 4.4 | Character of Defendant |
| 4.6 | Impeachment, Prior Conviction of Defendant |
| 4.8 | Impeachment Evidence - Witness |
| 4.9 | Testimony Under Grant of Immunity |
| 4.10 | Testimony of Witness Receiving Benefit |
| 4.11 | Testimony of Accomplice |
| 4.17 | Opinion Evidence, Expert Witness |
| 5.6 | Knowingly - Defined |
| 5.7 | Deliberate Ignorance |
| 7.1 | Duty to Deliberate |
| 7.2 | Consideration of Evidence |
| 7.3 | Use of Notes |

    7.4        Jury Consideration of Punishment

    7.5        Verdict Form

    8.16       Count 1 - Elements (See Attached)

    9.13       Count 2 - Elements (See Attached)

RESPECTFULLY SUBMITTED this 1ST day of May, 2006, at Anchorage, Alaska.

                                    DEBORAH M. SMITH
                                    Acting United States Attorney

                                    s/ Lawrence D. Card
                                    Assistant U.S. Attorney
                                    222 West 7th Ave., #9, Rm. 253
                                    Anchorage, AK 99513-7567
                                    Phone: (907) 271-5071
                                    Fax: (907) 271-1500
                                    E-mail: larry.card@usdoj.gov
                                    Alaska Bar No. 8011068

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2006,
a copy of the foregoing was served
electronically on:

Allan Beiswenger, Esq.

s/Lawrence D. Card

INSTRUCTION NO. 1

You will note that the Indictment charges that each offense was committed "on or about" a certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged.

INSTRUCTION NO. 2

The defendant is charged in Count 1 of the Indictment with Possession of Cocaine with intent to distribute in violation of Section 841 (a)(1) &(b)(1)(B) of Title 21 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First,  the defendant knowingly possessed cocaine base; and

Second, the defendant possessed it with the intent to deliver it to another person.

It does not matter whether the defendant knew that the substance was cocaine base.  It is sufficient that the defendant knew that it was some kind of a prohibited drug.

To "possess with intent to distribute" means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

Authority:   Title 21, United States Code, Sections 841 (a)(1)(A) & (b)(1)(B).
              Pattern Instruction 9.13, Ninth Circuit Manual of Model Criminal Jury
              Instructions (2003 Ed.)

INSTRUCTION No. 3

WILLFULLY

The Committee recommends that no instruction defining "willfully" be given unless the word is in the statute defining the offenses being tried. the Ninth Circuit has stated that "[w]ilfulness requires that an act done knowingly and intentionally, not through ignorance, mistake or accident." *United States v. Morales,* 108 F.3d 1031, 1036 (9th Cir. 1997). (citing *Model Criminal Jury Instructions For The Ninth Circuit* § 5.05 (1995)) (affirming convictions for the lesser included misdemeanors offenses of wilfully making false entries).

Ninth Circuit Instruction 5.5, 2003 Ed. ("Wilfully–Not Defined") ;citing, *United States v. Sehnal,* 930 F.2d 1420, 1427 (9th Cir. 1991) (In a tax case, the court approved the following instruction) : " An act is done wilfully if done voluntarily and intentionally [with the purpose of violating a known legal duty.] Obviously, there is no known legal duty to participate in the preparation of controlled substances, but the instruction could be modified to end with "voluntarily and intentionally."

U.S. v. TIMBERLAKE
3:05-cr-000120 (RRB)

INSTRUCTION No. 4

KNOWINGLY- DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Pattern Instructions, § 5.6; 2003 Ed.