DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:05-cr-00120-RRB-JDR |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S TRIAL** |
| | ) | **MEMORANDUM** |
| v. | ) | |
| | ) | |
| DIANE MICHELLE TIMBERLAKE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**I.      INTRODUCTION**

The defendant is charged with one count of Possession of Cocaine Base with the Intent to Deliver, in violation of 21 U.S.C. §§ 841 (a)(1)(A) & (b)(1)(B). The government estimates that the trial may take three days from jury selection to submitting the case to the jury for deliberation.

## II. STATEMENT OF THE CASE

### A. Case Summary And Statement of Facts

This case involves a 15.1 grams of cocaine base (street name crack) that was in Ms. Timberlake's Possession on August 1, 2005 in Anchorage, Alaska. As the motion practice indicated, the defendant's vehicle was in the police secure storage in August of 2005, when the officer performing a routine inventory of the vehicle before it was placed in the lot saw some items indicting to the officer that illegal drugs may be present in the vehicle. As a result of a search authorized by a state warrant, Ms. Timberlake was charged with being in possession of cocaine base, with the intent to distribute.

### B. Summary of the Charges

The defendant is charged in the indictment with the following offense:

**Count 1:** Possession of Cocaine Intent to Distribute: Vio. 21 U.S.C.§§ 841 (a)(1)(A) & (b)(1)(B).

### C. Witnesses

At trial, the government will call some or all of the following:

1. Some of the local and federal law enforcement officers who were involved in the investigation of this case or who were involved in the arrest of the defendant.;

2. The "experts" who will testify about the substance found in Timberlake's vehicle pursuant to search warrant, and the general nature of cocaine base, and how it is distributed.

3. At this time, the government anticipates calling 5-7 witnesses in its case-in-chief.

### D. Exhibits

The government will offer some or all of the following exhibits at trial:

1. Photographs of the area searched.

2. The lab report made by Mr. Jack Hurd, the Criminalist with the State of Alaska Crime Lab.

3. The cocaine base seized by the officers executing the search warrant.

## III. Legal/Evidentiary Issues

**A.** The government is not aware of any evidentiary/legal issues pretrial, but will bring any issues to the attention of the court as they arise.

### B. Expert Witness Testimony

**General Standards**

Expert opinions are admissible if they will assist the trier of fact to understand the evidence or determine a fact in evidence. Rule 702, Fed. R. Evid. Expert opinions, as opposed to testimony by summary witnesses, may be based on facts or data not admissible into evidence. rule 703, Fed. R. Evid.

An expert may provide opinion testimony even if it embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704. The court has broad discretion to determine whether to admit expert testimony. *United States v. Andersson,* 813 F. 2d 1450, 1458 (9th Cir. 19870; *United States v. Binder,* 769 F. 2d595, 601 (9th Cir. 1985).

However, if scientific or other evidence to be admitted is based on untested "science" or "junk science" analysis of "studies" or other unique procedures which may or may not be based on science, a hearing under the provisions of the United States Supreme Court case of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786 (1993)may be required for the court to exercise its "gatekeeper" role in only admitting proffered "scientific" evidence (1)that can be and has been empirically tested; (2)whether the theory or technique has been subject to peer review and publication; (3) whether the known or potential error rate of the theory or technique is acceptable, and whether the existence and maintenance of standards controls the technique's operation; and (4) whether the theory or technique has been subjected to

peer review and publication, and other factors as needed in a particular case. See *Daubert* at 509 U.S. at 592-593.

### The Expert Testimony To Be Offered At trial

The government intends to offer the testimony of Mr. Jack Hurd, Criminalist at the State of Alaska Crime Lab, and the testimony of Investigator Kurt Kornchuk, who will testify about his knowledge of cocaine base, and the methods of distribution. A notice of expert testimony will be filed by the government.

RESPECTFULLY SUBMITTED this <u>1st</u> day of May, 2006 at Anchorage, Alaska.

> DEBORAH M. SMITH
> Acting U.S. Attorney
>
> s/ Lawrence D. Card
> Assistant U.S. Attorney
> 222 West 7th Ave., #9, Rm. 253
> Anchorage, AK 99513-7567
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail: larry.card@usdoj.gov
> Alaska Bar No. 8011068

**CERTIFICATE OF SERVICE**
I hereby certify that on May 1, 2006,
a copy of the foregoing was served
electronically on :

Allan Beiswenger, Esq.

s/ Lawrence D. Card