UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>DIANE MICHELLE TIMBERLAKE,<br><br>        Defendants. | 3:05-cr-00120-RRB-JDR<br><br>**FINAL RECOMMENDATION ON<br>MOTION TO SUPPRESS**<br><br>(Docket Entry 29) |

      Defendant Timberlake has timely filed objections the recommendation addressing her motion to suppress items seized from her vehicle and purse. Docket entry 40. The government filed a response. Docket entry 49 Upon due consideration of the objections, the magistrate judge declines to modify the recommendation. However, a few comments are appropriate regarding those objections.

The objections state that there was no evidence that the police officers observed any behavior related to any transfer of drugs or other suspicious activity when the officers observed Timberlake's vehicle parked next to a stolen vehicle. The recommendation does not make such a representation. Timberlake objects to the recommendation for not making it clear that Ms. Timberlake's passenger, Mr. Ledbetter, was not in the stolen vehicle, but was outside talking with the occupants. Objections, p. 2, n.2. Officer Smith was not the first person to arrive at the scene. Officer Carson, who did not testify at the hearing, stated over the police radio that someone was at the door of the stolen vehicle when Carson pulled up to block the stolen vehicle from leaving, and that person was later determined to be Mr. Ledbetter. Tr. p. 42. Timberlake's suggestion that the recommendation should have stated that Ledbetter was not in the stolen vehicle goes beyond the evidence at the hearing. The recommendation does not claim that Ledbetter had been in the stolen vehicle.

Timberlake argues that the magistrate judge erred when he concluded that the Blazer was impounded because of the eluding "hold" and so that Officer Smith could seek a warrant to search the vehicle based on drugs. Officer Smith testified on direct examination that the vehicle was impounded for evidence relating to Officer Sturkie's eluding matter and he ". . . also impounded it . . . to get a search warrant based on drugs. . . ." Tr. of Evidentiary Hearing, p. 32. Timberlake argues

that the observation of a marijuana pipe on the passenger floorboard would not provide probable cause to believe that there were drugs in the vehicle. Ms. Timberlake did not contest the sufficiency of the affidavit for purposes of the warrant. Tr. p.5. The search warrant was supported by probable cause.

Timberlake argues that no authority was provided for the seizure of the vehicle with respect to an eluding charge that had occurred about six weeks earlier. The APD eluding charge alerted all officers to be on the lookout for the Blazer which was involved in an alleged eluding of a police officer. The term "stale" is a relative term. The defendant offers no authority to support her argument that the eluding charge would evaporate in six weeks.

The defendant disagrees with the recommendation about whether the 28-day delay in seeking a search warrant for the Blazer that was otherwise lawfully impounded renders the warrant "unreasonable." Under the totality of the circumstances, the magistrate judge rejected that argument in the recommendation.

Finally, Timberlake argues that the police should have returned her purse to her before impounding the vehicle. After Officer Smith decided to impound the Blazer, he did an inventory search which disclosed plastic baggies which caused him to be suspicious that there may have been other drugs in the car. Tr. p. 34. Officer Smith received information from Officer Carson that Timberlake had been arrested on January 28, 2004, for possession of crack cocaine. Tr. p. 37. There

was ample reason to retain the purse in the vehicle while the officers sought a search warrant.  Ms. Timberlake's testimony that she asked for her purse on August 12, 2005, and officers would not let her retrieve it was not corroborated by any other evidence.  Although the recommendation stops short of finding her claim not credible, the recommendation concludes that under the circumstances the officers had a right to retain the purse while they applied for a search warrant.  Wherefore, the defendant's motion to suppress lacks merit and should be denied.  This motion is now referred to the assigned trial judge for his determination.

DATED this 1st day of May, 2006 at Anchorage, Alaska.

  /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge