DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 3:05-cr-120 (RRB) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| DIANE MICHELLE TIMBERLAKE, | |
| Defendant. | |

## I. INTRODUCTION

**A.  *Summary***

This brief introduction sets forth a summary of the terms of the Plea

Agreement between DIANE MICHELLE TIMBERLAKE,  the defendant and the

United States.  This summary is not intended to supersede the language that follows this subsection.

The defendant agrees to plead guilty to Count 1 of the Indictment, which charges her with possession of cocaine base with the intent to deliver,  in violation

under the provisions of Criminal rule 11(c)(1)(B).  The government also agrees not to prosecute any further offenses of which it is aware of at the time of the execution of this agreement.  The parties understand that the sentencing judge will determine the final sentence and conditions of supervised release.

### B.    *Complete Agreement*

This document contains the complete plea agreement between the United States and the defendant, DIANE MICHELLE TIMBERLAKE.  **No other agreement, understanding, promise, or condition exists between these two parties.  The defendant understands this agreement is limited to the District of Alaska and does not bind , state,  local, or other federal  prosecuting authorities.**

The defendant and his counsel understand this plea agreement is not final until (1) it has been signed by the United States Attorney; (2) the fully executed agreement has been filed with the Court; and (3) the Court has accepted defendant's guilty plea.


## C.  *Federal Rules of Criminal Procedure*

The parties expressly agree that this plea agreement is entered into and is to be controlled by Federal Rule of Criminal Procedure 11(c)(1)(B). This means that the defendant may not withdraw from this agreement if the Court does not wish to follow the government's recommendations. The parties also agree that if the defendant's plea of guilty is rejected, withdrawn, set aside, vacated or reversed at any time, the United States will be free to prosecute the defendant on all charges covered by this agreement, including any charges that might have been brought but for this agreement.

## D.  *United States Sentencing Guidelines*

This case arises out of conduct occurring after November 1, 1987 and as such is subject to calculation of an advisory sentence pursuant to the United States Sentencing Commission Guidelines (U.S.S.G.).

## II.    *WHAT THE DEFENDANT AGREES TO DO*

The defendant agrees the following obligations are material to this agreement. The defendant agrees that any violation of or failure to fulfill these obligations will be a material breach of this agreement. If the defendant breaches this agreement, the defendant understands the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against the defendant on any charges arising out of the investigation in this matter. Whether the defendant has violated the terms of this agreement will be determined by the Court at an appropriate hearing during which any of the defendant's disclosures will be admissible and the government's burden is by a preponderance of the evidence.

### A.    *Charges*

The defendant is charged by Indictment in Count 1 of being in possession of cocaine base with the intent to distribute in violation of Title 21 U.S.C. § 841(a)(1) and (b)(1)(B). The parties agree that Count 2 of the indictment alleging a violation of 18 United States Code §924(c) shall be dismissed at the time of sentencing. Pursuant to this written agreement, the defendant agrees to plead guilty to Count I of the Indictment, and to freely and openly acknowledge her

responsibility for the acts and omissions constituting the factual basis for her plea of guilty to Count 1.

### B.    *Agreements on Departures*

Unless specifically set forth in this plea agreement, the defendant agrees that she will not seek any downward departures(horizontal or vertical) under the U.S.S.G. or any other authority, other than to ask for the minimum statutorily mandated 60 months of incarceration. The defendant may argue any factors under 18 U.S.C. § 3553 which are appropriate to support the sentence recommended by the government and argued for by the parties herein.

### C.    *Restitution*

The parties agree that there is no restitution owing by the defendant in this case.

### D.    *Fine*

The parties agree that the defendant does not have the ability to pay a fine, and is unlikely to become able to pay any fine.

### E.    *Special Assessment*

At sentencing, pursuant to 18 U.S.C. § 3013(a), the defendant will pay the special assessment of $100.00.

### F.    *Supervised Release*

The defendant acknowledges that the court may impose up to 5 years of supervised release, and that the final decision is totally up the sentencing judge.

### G.    *Consequences of the Defendant's Guilty Plea*

The defendant understands that, pursuant to 21 U.S.C. § 862, any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, and welfare.  The defendant also understands she will also lose her right to own or possess any firearms, her right to vote, and her right to sit on a jury.

### H.    *Waivers of Appellate and Collateral Attack Rights*

The defendant understands that her plea of guilty includes and constitutes a waiver of the right to appeal the conviction.  The defendant also understands and agrees that as consideration for the government's commitments under this plea agreement, in the event the Court accepts this plea agreement and imposes sentence,  the defendant will knowingly and voluntarily waive any right to appeal the sentence, including any conditions of release, imposed under the provisions of 18 U.S.C. § 3742.  Furthermore, the defendant also knowingly and voluntarily agrees to waive any right to collaterally attack the conviction and/or sentence.  The

only exceptions to this collateral attack waiver are as follows: 1) any challenge to

the conviction or sentence alleging ineffective assistance of counsel based on

information not now known to the defendant and which, in the exercise of

reasonable diligence, could not be known by the time the Court imposes sentence;

and 2) a challenge to the voluntariness of the guilty plea.  The defendant agrees

that if the guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if

the sentence is vacated, reversed, set aside, or modified at any time in any

proceeding for any reason, the United States will be free to prosecute defendant on

all charges arising out of the underlying investigation for which there is probable

cause.

**I.    *Waiver of Right to Jury Trial on Sentencing Factors.***

The defendant, by entering this plea, also waives any right to have facts that

the law makes essential to the punishment either (1) charged in the Information,

(2) proven to a jury, or (3) proven beyond a reasonable doubt.  The defendant

explicitly acknowledges that his plea to the charged offense authorizes the Court

to impose a sentence in accordance with the terms of this Plea Agreement.

**III.    *WHAT THE GOVERNMENT AGREES TO DO***

**A.    *Government's Sentencing Agreement***

In exchange for the defendant's guilty plea to Count 1 of the Indictment, which charges her with being in possession of (15.1grams) cocaine base with the intent to distribute in violation of Title 21 U.S.C. § 841(a)(1)(A) and (b)(1)(B), the United States agrees to recommend to the court that the defendant receive a sentence of 60 months of incarceration in the custody of the Bureau of Prisons for the instant case, followed by a mandatory period of supervised release of not to exceed 5 years, all of which is totally up to the court. However, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the sentence is vacated, reversed, set aside, or modified at any time in any proceeding for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case for which there is probable cause.

## B.    *Acceptance of Responsibility*

The United States agrees that if the defendant continues to clearly demonstrate acceptance of responsibility for her offense, then she will receive a recommendation by the United States for a 3-level downward adjustment for acceptance of responsibility. If, at any time prior to imposition of sentence, the defendant fails to meet the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner

inconsistent with acceptance of responsibility, the United States will not make such a recommendation or, if one has already been made, it will withdraw the recommendation.

## IV.    *ADVISEMENT OF MAXIMUM  PENALTIES AND CONDITIONS OF SENTENCE*

### A.    *Maximum Penalties*

The maximum statutory penalties for being in possession of cocaine base with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(B) in Count 1 of the Indictment are (1) a term of imprisonment of 5 to 40 years; (2) a fine up to $200,000,000.00; (3) a term of supervised release of not more than 5  years; and (4) a special assessment of $100.00.

### B.    *Costs of Imprisonment*

Pursuant to Comment 7 to U. S .S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term.

### C.    *Interest*

Pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500.00, interest will be charged on the balance not paid within 15 days after the judgment date.

### D.    *Supervised Release*

Upon violating any condition of probation or supervised release, a further term of imprisonment equal to the period of the probation or supervised release may be imposed, with no credit for the time already spent on probation or supervised release.

### E.    *Restitution*

The parties agree that no restitution is owing in the instant case.

### F.    *Payments*

All payments ordered by the court will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave., Box 9, Rm. 253, Anchorage, AK 99513-7564.

## V.    *ADVISORY GUIDELINE APPLICATIONS AND SENTENCING AGREEMENTS*

### Count 1:

Base Offense Level (2D1.1(7)) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Acceptance of Responsibility . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Criminal History Category (estimated) ............................ II

Advisory Sentencing Range .......................... 51-63 months

A.    The government agrees to recommend a sentence of imprisonment of 60 months in the instant case, which is the minimum statutory sentence, in the custody of the United States Bureau of Prisons.

B.    Assuming that the defendant truthfully and candidly admits her involvement and culpability in the offense set forth in Count 1of the Indictment to both the Court and the probation office, the parties agree that the defendant shall be entitled to a 3-level reduction from the base offense level pursuant to § 3E1.1.

C.    The parties have no agreement to the amount of supervised release, both parties and the defendant understand that the maximum period is 5 years under the standard conditions of release as indicated in 18 U.S.C. § 3583 (d), and that such conditions and the period shall be solely up to the sentencing judge.

D.    The parties agree that the defendant does not have the ability to pay a fine, and is unlikely to become able to pay any fine.

## VI.   *ELEMENTS OF THE OFFENSE*

The parties agree that the charge of possession of cocaine base in violation of 21 U.S.C. §§ 841(a)(1)(A) and (b)(1)(B), as set forth in Count 1 of the Indictment, has the following elements:

> ***First***,      the defendant knowingly possessed (15.1 gr) of cocaine base; and

> ***Second***,      the defendant possessed it with the intent to deliver it to another person.

## VII.  *FACTUAL BASIS FOR THE PLEA*

The defendant acknowledges the truth of and stipulates to the following facts:

On August 12, 2005 in Anchorage, Alaska, at approximately 3:47 p.m., Anchorage Police officer Jack Carson responded to a report of a stolen vehicle, a 2000 green Dodge Ram pickup. Adjacent to that vehicle was a vehicle owned and being driven by the defendant, Ms. Timberlake. When Officer Carson pulled up to block the path of the reportedly stolen pickup, a man who had been standing out side of Ms. Timberlake's Chevy blazer, got into the passenger seat of her vehicle, just as the officer executed a felony stop on both vehicles. Once Officer Carson

told police dispatch the licence plate number of Ms. Timberlake's vehicle, he was ordered to seize the vehicle, since there was a locate out for the vehicle as having been involved in an earlier eluding case.

Upon seizing the vehicle, the occupants were allowed to leave, which included Ms. Timberlake, but her vehicle was placed in police impound due to the earlier locate for her vehicle. Upon doing an inventory before allowing the vehicle to be placed in storage, the police found evidence of the instant offenses, which resulted in a state search warrant, and a seizure of 15.1 grams of cocaine base.

## VIII.   *ADEQUACY OF THE AGREEMENT*

Pursuant to Sentencing Guideline Manual § 6B1.1(c), this plea agreement is appropriate in that it contemplates a sentence within the statutory requirements. The sentence will serve to adequately protect the public and reaffirm societal norms, provide for deterrence to the defendant and others, and provide an opportunity for the defendant to rehabilitate herself.

## IX.    *DEFENDANT'S AGREEMENT AND UNDERSTANDING OF THE TERMS OF THIS PLEA AGREEMENT*

I, DIANE MICHELLE TIMBERLAKE, being of sound mind and under no compulsion, threats or promises not otherwise contained in this document,

knowing that I will be put under oath at my change of plea hearing to tell the truth, do hereby state my understanding of this plea agreement as follows:

A.    I wish to enter a plea of guilty to Count 1 of the Indictment.

B.    My attorney has explained the charge to which I am pleading guilty, the necessary elements, and the consequences of my plea.

C.    I am admitting that the allegations against me in Count 1 of the Indictment and the factual basis for my plea are true.

D.    I understand that by pleading guilty I give up and I agree to waive the following rights:

--    The right to plead  not guilty or to continue to persist in that plea, if it has already been made;

--    The right to a speedy and public trial by a jury on the issue of my guilt;

--    The right to object to the composition of the petit jury;

--    The right to be presumed innocent and not to suffer any criminal penalty unless and until my guilt is established beyond a reasonable doubt;

--    The right to be represented by a lawyer at trial and if necessary to have a lawyer appointed to represent me at trial--I

understand I am not waiving my right to have counsel represent

me during the sentencing phase of my case;

-- The right to confront and cross examine witnesses against me,

and the right to subpoena witnesses to appear in my behalf;

-- The right to remain silent at trial, with such silence not to be

used against me, and the right to testify in my own behalf;

-- The right to contest the validity of any searches conducted on

my property or person.

E.    I am fully aware that if I were convicted after a trial and sentence were

imposed on me thereafter, I would have the right to appeal any aspect of my

conviction and sentence.  Knowing this, I voluntarily waive my right to appeal my

conviction.  Furthermore, I also knowingly and voluntarily agree to waive my

right under 18 U.S.C. § 3742 to appeal any aspect of the sentence imposed in this

case as long as the Court imposes a sentence within the parameters of this

agreement.  Furthermore, I knowingly and voluntarily waive my right to

collaterally attack any aspect of my conviction or sentence, except for a challenge

based upon ineffective assistance of counsel--based on information not now

known by me and which, in the exercise of due diligence, could not be known by

me by the time the Court imposes the sentence--which affected either my guilty

to the charges. He has investigated my case and followed up on any information and issues I have raised with him to my satisfaction and he has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed how my sentence will be calculated under the United States Sentencing Commission Guidelines as well as the statutes applicable to my offense and any other factor that will affect the sentence in my case. We have also discussed the sentencing agreement prepared by the government contained in this agreement.

F.      I further understand that if I plead guilty, there will not be a trial and that the Court will ask me under oath to answer questions about theses offenses. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

G.      I understand that I have a right to plead not guilty and that no one can force me to plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the judge when I stand before him to enter my plea.

U.S. v. TIMBERLAKE          Page 16 of 19

H.    I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. I understand that the discussions between me and my attorney concerning my sentence exposure or the actual sentence the Court might impose are only estimates and do not bind the Court. I understand that the Court has the ultimate discretion to determine the sentence to be imposed in my case.

I.    I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission; knowing this, I agree that this agreement may be filed among the papers in my case.

J.    This document contains all of the agreements made between me, my attorney, and the attorney for the United States regarding my plea. There are no other promises, assurances, or agreements between me, my attorney, and the United States that have affected my decision to change my plea or to enter into this agreement. If there were, I would so inform the Court. I understand that if I breach this agreement in any way the United States will be free to prosecute me on all charges for which there is probable cause, arising out of the investigation of this case, and to reinstate any charges dismissed pursuant to this agreement.

K.    I have read this plea agreement carefully and understand it thoroughly.  I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea.  I enter into this agreement knowingly and voluntarily.  I therefore wish to enter a pleas of guilty to Count 1 of the Indictment, a felony count of violation of Title 21, United States Code, Section §§ 841(a)(1)(A) and (b)(1)(B), possession of possession of cocaine base.

DATED:  5-5-06

DIANE MICHELLE TIMBERLAKE
Defendant

As Counsel for the defendant, I have discussed with her the terms of this plea agreement, have fully explained the charge to which she is pleading guilty and necessary elements, all possible defenses, and the consequences of her plea.  Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty.  I know of no reason to question her competency to make these decisions.

If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the Court.

DATED:  May 5, 2006

ALLAN BEISWENGER
Attorney for
DIANE MICHELLE TIMBERLAKE

On behalf of the United States, the following accept DIANE MICHELLE TIMBERLAKE'S  offer to plead guilty under the terms of this plea agreement.

U.S. v. TIMBERLAKE                    Page 18 of 19

DATED: 5-9-06

LAWRENCE D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068

DATED: 5-9-06

DEBORAH M. SMITH
Acting United States Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: deb.smith@usdoj.gov