DEBORAH M. SMITH
Acting United States Attorney

LAWRENCE D. CARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
(907) 271-5071
larry.card@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                       )<br>                        Plaintiff,      )<br>                                                       )<br>            vs.                              )<br>                                                       )<br>DIANE MICHELLE TIMBERLAKE,  )<br>                                                       )<br>                                                       )<br>                        Defendant.   ) | No. 3:05-cr -00120-RRB<br><br>**GOVERNMENT'S**<br>**SENTENCING**<br>**MEMORANDUM** |

COMES NOW the United States of America, by and through counsel, and submits its memorandum for the Imposition of Sentence Hearing scheduled for July 21, 2006.

   **I.    INTRODUCTION**

The United States had no objections to the Pre-sentence  Investigation Report (PSR).

The United States agrees with the factual statements and the conclusions set forth in the PSR.

From statements given by Ms. Timberlake and the fact gathering performed by the investigating officers, it is clear that she was surviving on any public assistance she could collect all the while using drugs, plus the earnings from her sale of "crack" cocaine. The reports indicate that Ms. Timberlake has been closely associate with the criminal milleau for years based on her arrests for prostitution and investigated cases of drug dealing It is also clear that Ms. Timberlake has been addicted to controlled substances for years, bur has not made the choice to rehabilitate herself. Now is her opportunity since she will serve five years incarcerated, with an additional four years of supervised release, which may be necessary if she does not take advantage of the rehabilitation opportunities.

**SENTENCING ISSUES**

A.   **The Agreed Estimated Sentencing Range Should be Utilized**

The government urges that the Court impose a sentence within the agreed to sentencing range, imposing a sentence of 60 months, and taking the guidelines as a factor to be considered by the court the sentencing. The government has also agreed to dismiss the 18 U.S.C. 924 (c) count at the time of the sentencing. In *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the Supreme Court

3:05-cr-00120-RRB                                  2

held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury. As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines "effectively advisory." *Booker*, 2005 WL 50108, at 16. This ruling results in a system in which the sentencing court, while informed by the Guidelines, may impose any sentence within the statutory maximum penalty for the offense of conviction. The sentence would be subject to review by the Court of Appeals for "reasonableness," except in the instant case, the defendant has agreed to waive her right to appeal his sentence for reasonableness. See *Booker*, Id. at 24.

In the wake of *Booker*, this Court must make a correct calculation under the existing Sentencing Guidelines, and then consider the final guideline calculation when determining the sentence to be imposed. Justice Breyer's majority opinion directed that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." Id. at 27.

As the justices in *Booker* recognized, the Guidelines carry out the express national policy, as articulated by Congress, that sentences be uniform across the country to the extent possible and be based on the offender's actual conduct and history. See, e.g., id. at 21 (majority opinion of Breyer, J.) ("Congress' basic goal in passing the Sentencing Act was to move the sentencing system in the direction of increased uniformity."); id. at 19 (same) ("Congress' basic statutory goal -- a system that diminishes sentencing disparity -- depends for its success upon judicial efforts to determine, and to base punishment upon, the *real conduct* that underlies the crime of conviction."); id. at 42 (dissenting opinion of Stevens, J.) ("The elimination of sentencing disparity, which Congress determined was chiefly the result of a discretionary sentencing regime, was unquestionably Congress' principal aim."); id. at 47 (dissenting opinion of Scalia, J.) ("the primary objective of the Act was to reduce sentencing disparity.").

The Guidelines, aiming to achieve the uniform and appropriate treatment of like crimes, represent the distillation of 15 years of careful study of sentencing practices across the country, and correlate as well to the varying severity of crimes as defined by Congress. The Guidelines, consisting of offense characteristics and various grounds for departure, address all of the considerations relevant to sentencing, as articulated in 18 U.S.C. § 3553(a), such as "the nature and

circumstances of the offense and the history and characteristics of the defendant;" "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."

## II. SENTENCING RECOMMENDATION

The government has calculated a guideline sentenced as follows in accordance to the agreement of the parties:

(1) **A recommended sentence of 60 months;**

(2) **No fine is requested** due to the defendant's inability to pay;

(3) **Restitution is not an issue**;

(4) **A four (4) year period of supervised release,** and;

//

(5)  **A special assessment in the amount of $100.00** is, of course, required.

RESPECTFULLY SUBMITTED this 21st day of June, 2006, at Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Lawrence D. Card
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068

CERTIFICATE OF SERVICE
I declare under penalty of perjury that a true and correct copy of the foregoing was sent to the following counsel of record on June 21, 2006, via electronic notice to:

Allan Beiswenger, Esq.

S/ Lawrence D. Card